IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHERYL A. DUNN**                                                                                       **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO: 2:17-cv-96-KS-MTP**

**CLARKE COUNTY, MISSISSIPPI,**
**BARRY WHITE, BRADLEY MCNEECE,**
**BLAKE BONNER, AND BILLY LEWIS,**
**In Their Individual Capacities,**                                                 **DEFENDANTS**

                                                                      **JURY TRIAL DEMANDED**

---

## FIRST AMENDED COMPLAINT
---

This is an action to recover actual damages for arrest without probable cause, and for illegal search without a search warrant. The following facts support the action:

1.

Plaintiff CHERYL A. DUNN is an adult resident citizen of 71 Magazine Street, Pachuta, Mississippi 39347.

2.

Defendant CLARKE COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi, which, at all relevant times, carried out its official law enforcement policy decisions through its Sheriff. This Defendant can be served with process by service upon its Chancery Clerk, Angie Wade Chisolm at 101 South Archusa, Quitman, Mississippi 39355, and upon its Sheriff Todd Kemp at 444 West Donald Street, Quitman, Mississippi 39355. Defendant County is sued for the official policy decisions of its sheriff, and for the gross negligence of the sheriff in failing to train his jailers that they cannot arrest for exercise of First Amendment rights, and failing to train his

investigators and officers that private homes may not be searched without a warrant.

Defendant, BARRY WHITE, is an adult resident of Mississippi. Defendant White may be served with process at his place of employment, Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355. At all relevant times, Defendant White acted under color of state law.

Defendant, BRADLEY MCNEECE, is an adult resident of Mississippi. Defendant White may be served with process at his place of employment, Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355. At all relevant times, Defendant McNeece was a deputy sheriff and acted under color of state law.

Defendant, BLAKE BONNER, is an adult resident of Mississippi. Defendant White may be served with process at his place of employment, Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355. At all relevant times, Defendant Bonner was a deputy sheriff and acted under color of state law.

Defendant, BILLY LEWIS, is an adult resident of Mississippi. Defendant White may be served with process at his place of employment, Clarke County Sheriff's Department, 444 West Donald Street, Quitman, Mississippi 39355. At all relevant times, Defendant Lewis was a deputy sheriff and acted under color of state law.

Naming individual Defendants is necessary because Defendant County claims it is not liable for their acts.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1343 for a cause of action authorized by 42 U.S.C. § 1983, and by the First and Fourteenth Amendments to the United States

Constitution.

4.

On September 13, 2016, Plaintiff returned to her Clarke County home after running an errand and found her home in disarray. After talking with a representative of the sheriff's department, and receiving no satisfaction as to why her home had been ransacked, Plaintiff went to the sheriff's department and talked with sheriff's department employee/Defendant Bradley McNeece. Plaintiff told Defendant McNeece that someone had broken into her home. Plaintiff requested that Defendant McNeece call the sheriff, or a supervisor, to explain what had happened to her home. Plaintiff and Defendant McNeece argued, after which Defendant McNeece responded that Plaintiff was under arrest for "disturbing the peace." In order to punish Plaintiff, Defendant McNeece placed Plaintiff in solitary confinement where she became ill. She vomited approximately six (6) times. She asked to see a doctor or nurse, but none was provided, and Plaintiff was forced in lie in her own vomit.

5.

Defendant McNeece was either authorized or directed to arrest Plaintiff by Defendant Barry White, the Clarke County Chief Deputy. Defendant County had delegated to the chief deputy Defendant White to make final policy policies regarding whether to arrest a person.

6.

The investigators who entered Plaintiff's home did so without a search warrant in violation of the Fourth Amendment. These investigators were Defendants Bonner and Lewis.

7.

After Plaintiff was held in solitary confinement for approximately eighteen (18) hours, she was then questioned by investigators and told they went into her home. Defendant McNeece called

a professional bondsman, to whom Plaintiff paid $180.00 to be released from jail. Under sheriff's department policy and custom, the sheriff does not give notice to pretrial detainees of alternative methods for release, such as recognizance bond, surety bond, or a posting of ten percent (10%) bail deposit under Uniform Circuit Court Rule 6.02. Plaintiff had a Fourteenth Amendment liberty and property right to be notified of the methods by which she could obtain her pretrial release without having to pay a professional bondsman.

8.

The sheriff's department caused to be transmitted and published *Jail House Times*, the fact that Plaintiff had been arrested. The sheriff's department falsely reported Plaintiff was charged with public drunkenness. Plaintiff does not drink. The sheriff's department also posted on the internet a mugshot of Plaintiff stating that she was charged with public drunkenness, failure to comply and profanity. Clarke County Hot Topics was still available to view as of May 1, 2017.

9.

Plaintiff appeared in Justice Court on October 11, 2016 and was told the charges would be dismissed in 6 months, on April 11, 2017. The charges were dismissed on April 11, 2017.

10.

The entry into Plaintiff's home without a search warrant was a result of the official policy of Defendant, or, alternatively, was the result of the sheriff's department failing to train its employees that they may not enter private homes without a warrant, since this violates the Fourth Amendment to the United States Constitution. Plaintiff's arrest was also the result of failure to train. The sheriff was grossly negligent in failing to train his employees that citizens may not be arrested merely because they argue with officers, or protest official police conduct. The sheriff's department

had failed to train Defendant McNeece that he could not arrest Plaintiff merely for exercising her First Amendment right to freedom of speech, or because of a disagreeable conversation.

11.

Plaintiff has been damaged, since she has suffered mental anxiety and stress, since her reputation has been harmed, and she fears to return to her own home. Plaintiff has sought treatment from her physician.

12.

Defendant Clarke County is liable for the official policy decisions and gross negligence of its sheriff by failing to train its employees in Constitutionally required procedures. Plaintiff makes a good faith argument that the Mississippi Tort Claims Act makes the Defendant County liable for the individual Defendants' unconstitutional acts.

13.

Defendant County was grossly negligent in failing to train its officers on the elements of the crime of disorderly conduct. The sheriff's department failed to train Defendant McNeece, that he could not arrest Plaintiff for exercising her First Amendment right to freedom of speech or because of a disagreement over a conversation, and had failed to train its officers, including Defendant McNeece, that the crime of disorderly conduct requires elements other than merely failing to obey a police officer.

14.

Defendant County is liable to Plaintiff for failing to train on the elements of disorderly conduct, failed to train officers not to enter private property without a search warrant, failed to train its officers on the elements of disorderly conduct, failed to train not to arrest for exercise of First

Amendment rights to free speech, and failed to train that a law enforcement officer cannot punish a pretrial detainee.

15.

The Constitutional rights violated in this cause include:

A. Defendants County, Bonner, and Lewis violated the Fourth Amendment right not to have one's home entered without a search warrant;

B. Defendants County, White, and McNeece violated Plaintiff's First and Fourth Amendment rights not to be arrested merely because one protests police action;

C. Defendants County and McNeece violated the Fourteenth Amendment liberty and property right to be informed of the procedures whereby a pretrial detainee may be released from jail without paying a professional bondsman;

D. Defendant County, White, and McNeece violated Plaintiff's Fourth Amendment right not to be arrested without probable cause;

E. Defendant County violated Plaintiff's Fourteenth Amendment liberty right to her name by causing her to be defamed in public records without procedural due process. This action was arbitrary and served no purpose and, thus, violated substantive and procedural due process guaranteed by the Fourteenth Amendment; and

F. Defendants County and McNeece violated Plaintiff's Fourteenth Amendment due process right to be free from punishment without a trial.

16.

Plaintiff hereby makes a good-faith argument that the rule of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), does not apply in this case because the Mississippi Tort Claims Act makes the Defendant County liable for the acts of its officers. Further, Plaintiff hereby offers to dismiss all deputies, in their individual capacities, if Defendants will stipulate that the Defendant County is liable for the acts hereby complained of.

17.

Plaintiff has suffered loss of enjoyment of life, mental anxiety, stress, expense of having to move from her home, loss of companionship of her grandchild, and fear of law enforcement.

### **REQUEST FOR RELIEF**

Plaintiff requests damages in an amount to be determined by a jury. Plaintiff also requests reasonable attorney's fees, costs and expenses under 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED, this the 7th day of November, 2017.

CHERYL A. DUNN, Plaintiff

By: */s/ JIM WAIDE*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS  38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing **First Amended Complaint** with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**William R. Allen, Esq.**
**Jessica S. Malone, Esq.**
**Allen, Allen, Breeland & Allen, PLLC**
**P.O. Box 751**
**Brookhaven, MS  39602**
wallen@aabalegal.com
jmalone@aabalegl.com
will.allen@aabalegal.com
swilson@aabalegal.com
kwallace@aabalegal.com
kbrent@aabalegal.com
athomas@aabalegal.com

DATED, this the 7th day of November, 2017.

                                              */s/ Jim Waide*
                                              Jim Waide